UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEREMY KNUTSON,

        Plaintiff,

        v.                                    Case No. 26-CV-65

TK HEALTH,
CPL. JOHNSON,
J. WATEMOLEN,
NURSE TRACEY, and
NURSE NADIA,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Jeremy Knutson, who is currently serving a state prison sentence at Green Lake Correctional Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The Court finds that Plaintiff lacks the assets and means to pay an initial partial filing fee, so the Court waives that obligation. 28 U.S.C.

§ 1915(b)(4). Plaintiff will be required to pay the $350 statutory filing fee over time as set forth in § 1915(b).

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to the complaint, while Plaintiff was housed at the Brown County Jail, Nurse Practitioner J. Watemolen prescribed Plaintiff a medication that caused him adverse effects, including hives and difficulty breathing. After Nurse Tracey and Nurse Nadia were advised that Plaintiff was allergic to lincosamides, they continued to offer Plaintiff the medication for Plaintiff's tooth infection. Plaintiff asserts that his tooth infection has not been treated, that he has been on a list to see the dentist for a month, and that the tooth needs to be pulled. Cpl. Johnson has received emails about Plaintiff's tooth infection but did nothing to help Plaintiff. Compl. at 4, Dkt. No. 1.

Plaintiff contends that TK Health is not "acting professional." TK Health staff have discussed Plaintiff's medical file in front of correctional officers and other inmates without Plaintiff's permission. TK Health charges $35 to evaluate inmates in the housing unit in front of 62 other inmates and staff. *Id.* at 4–5. For relief, Plaintiff requests that his tooth be pulled and that he receive monetary damages. *Id.* at 6.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). As an initial matter, the Court must consider

3

which constitutional standard applies to Plaintiff's denial of proper medical care claims. Claims by individuals who have been convicted of a crime are governed by the Eighth Amendment, whereas claims by pretrial detainees, i.e., those who have not been convicted of a crime and are awaiting trial, are governed by the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). It is unclear whether Plaintiff was detained at the Brown County Jail as a pretrial detainee or an individual convicted of a crime. Because Plaintiff has stated a denial of medical care claim under either standard, it is not necessary for the Court to decide at this time which standard applies. The parties should be prepared to more fully address the issue as the case proceeds.

An official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Under the Fourteenth Amendment's objective unreasonableness standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question

is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72.

Plaintiff alleges that Nurse Practitioner J. Watemolen, Nurse Tracey, and Nurse Nadia failed to provide proper care to treat his tooth infection. He also alleges that Cpl. Johnson knew about Plaintiff's tooth infection but did nothing to help Plaintiff. Based on Plaintiff's allegations, he may proceed on a denial of proper medical care claim against Nurse Practitioner J. Watemolen, Nurse Tracey, Nurse Nadia, and Cpl. Johnson.

Plaintiff does not state a claim against TK Health, however. TK Health is a private company contracted to provide healthcare services at the Brown County Jail. While a private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), it "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005); *see also Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Liability only exists when execution of a policy or custom inflicts the injury. *Calhoun*, 408 F.3d at 379. The policy or custom must be the "moving force" behind the deprivation of the plaintiff's

constitutional rights. *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Plaintiff has not identified either a policy or custom related to his medical treatment in the complaint. To the extent Plaintiff asserts that TK Health and its staff violated his rights under the Health Insurance Portability and Accountability Act (HIPPA), HIPPA does not furnish a private right of action. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011). In sum, Plaintiff has failed to state a claim against TK Health, and it will be terminated as a defendant in this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that TK Health is terminated as a defendant in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Nurse Practitioner J. Watemolen, Nurse Tracey, Nurse Nadia, and Cpl. Johnson pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Nurse Practitioner J. Watemolen, Nurse Tracey, Nurse Nadia, and Cpl. Johnson shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's

income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on March 6, 2026.

s/ *Byron B. Conway*  
BYRON B. CONWAY  
United States District Judge